For plaintiff: John R. Higgins.

For defendant: Sherwood, Heltzen & Clifford.

Morris Goldstein
vs.   No. 79806.
Lombard Machine Co.

April 13, 1931.

BLODGETT, P. J. Heard without the intervention of a jury.

Action of the case for breach of warranty.

Plaintiff in December, 1928, bought from defendant a carding machine for

$925 upon the installment plan, and at the time of purchase paid an installment of $300 upon the purchase price. The carding machine was a second-hand carder and was examined by plaint. ff, before purchasing, upon the floor of premises of defendant.

There was no written guaranty as to the m. chine. The machine was delivered to plaintiff at his place of business in Pawtucket and was set up by an employee of defendant.

There was conflicting testimony as to the capacity of the machine to produce a satisfactory product, and also as to whether the carder was provided with a roller of the width of 48 inches.

The carder was open to inspection by the plaintiff and by one Maher, described as an expert in carding machines, who accompanied plaintiff at the time of purchase. It would seem to the Court that an expert could easily have discovered whether the roller was 48 inches or otherwise at the time of inspection, if we assume the same were sold as a 48-inch roller carder.

The defendant denies same to have been represented as containing a 48-inch roller and says it was sold as a used machine and that the only warranty was that it would manufacture filler such as plaintiff represented he desired to make.

The testimony as to product was conflicting, the plaintiff claiming he could not produce such filler owing to the condition of the machine, the defendant and witnesses claiming that the machine was properly set up and that it did produce the filler desired, and that the failure to produce such filler was due to incapacity on the part of plaintiff and his employees.

The carder was bought under a lease signed by plaintiff and notes given for the future payments. These notes were unpaid and allowed to go to protest by plaintiff and subsequently the carder was repossessed by defendant.

The only warranty plaintiff can rely upon is an implied warranty that the article sold is capable of producing filler.

The matter of an express warranty is carefully considered in the case of *Keenan* vs. *Cherry & Webb*, 131 Atl. 309.

In the present case plaintiff testified he relied upon the assertions of defendant, at the time of purchase, that the carder would manufacture the product desired, and that the seller knew what that product was.

The seller evidently knew what the desired product was, and testified that this carder did make such product satisfactorily before such sale and after repossession.

Plaintiff and his expert examined the carder as it stood upon the floor of defendant's place of business. and the various parts thereof. At that time the carder was not set up and running. It was a second-hand machine.

The Sales Act leaves inspection as an important but not conclusive element to be determined upon the question of reliance. It treats reliance as a question of fact.

Williston on Sales, Sec. 234 at page 455, and cases cited.

The Court is of the opinion that there was an implied warranty that the carder sold would manufacture filler, and the real matter at issue is whether it did manufacture filler.

The Court is further of the opinion that the carder was sold as it stood, and was examined by plaintiff and his expert, and that the question whether same was provided with a 48 inch roller does not enter into the case.

In accordance with the contract defendant delivered and set up the carder, and there is evidence that filler was manufactured upon the same. Testimony shows a carder to be a large and complicated machine requiring skill in its care and operation. There is no doubt in the mind of the Court that filler was produced from the machine, and that the real complaint of

plaintiff is that same was not produced in a sufficient quantity. There is nowhere in the record any testimony as to any warranty that the carder would produce any certain amount of product, and the testimony seems to indicate that the quantity of product depends upon the skill of the operator.

The Court is of the opinion from the testimony that there is no breach of the warranty on the part of the defendant.

There has been filed a plea in set-off by defendant setting forth the amount due upon said overdue notes and for the amount agreed upon for setting up the machine.

The Court is of the opinion that such a plea would be proper as a set-off against such damages as might be assessed for damages for breach of the warranty, but not proper as an action to recover upon such notes.

In the contract of sale there are certain waivers of rights by the purchaser that may be found to be against public policy.

See *Hamblin Inc.* vs. *Sprague*, 50 R. I. 104.

The plea in set-off is not passed upon in this action without prejudice as to any future action by defendant.

Decision for defendant as to any breach of warranty.

For plaintiff: Vance and Vance.

For defendant: George J. West.